### WINTHROP v. ALLEN

### (115 S. E., 745)

CONTRACTS—LANDLORD'S CONTRACT WITH TENANT NOT TO EMPLOY LABOR IN NEIGHBORHOOD SO AS NOT TO INTERFERE WITH DEFENDANT'S SECURING LABOR HELD AGAINST PUBLIC POLICY.—A contract between landlord and tenant that labor in the neighborhood should not be employed by the landlord at all, but should be left alone for the tenant's use to be employed by the tenant in harvesting his crops, *held* against public policy, as it forced the labor to be employed by the tenant at his own price.

Before PRINCE, J., Hampton, October, 1921. Reversed.

Action by Frederick Winthrop against Paul H. Allen. Judgment for defendant and plaintiff appeals.

Action for rent, in which defendant counterclaimed for actual and punitive damages for plaintiff's breach of "his express agreement and contract with the defendant to the effect that the labor then residing on certain lands * * * under the control of plaintiff and on the lands of the defendant would not be disturbed by plaintiff," in that "at harvest time and at the time cotton was to be picked, the plaintiff, notwithstanding his agreement not to do so, deliberately and with the intention of doing injury to the defendant, willfully and negligently moved about twenty negro laborers away, took a number from the fields of the defendant, and began working them in the fields of the plaintiff, thereby depriving the defendant of the only means of harvesting his crop."

*Mr. J. W. Manuel,* for appellant, cites: *Agreement falls within Statute of Frauds:* I Civ. Code 1912, Sec. 3737; 33 S. C., 238; 60 S. C., ——. *Pleading fraud does not establish it:* 85 S. C., 94; 104 S. C., 218. *Agreement limiting right of laborers to work was void:* U. S. Const., 14th Amend.; 236 U. S., 1; 239 U. S., 33; 113 S. C., 287. *Question of actual damages was res adjudicata:* 108 S. E., 153; 71 S. E., 833; 96 S. E., 119; 91 S. E., 298; 75 N. E., 219; 83 N. W., 202; 49 S. E., 205. *Juror can only serve once in each year:* I Civ. Code 1912, Secs. 4017, 4038, 4042; 121 Pac., 697; 86 S. E., 533; 68 Fla., 240; 133 La., 563; 152 Mo. App., 521; 67 S. E., 30; 95 N. W., 1020. *Question can be raised after trial:* 73 S. E., 788; 98 S. E., 329; 30 Ky., 221; 2 Ill., ⁴76.

*Mr. George Warren,* for respondent, cites: *Suit was on tort:* 54 S. C., 498; 70 S. C., 83; 71 S. C., 386; 115 S. C., 430. *Where disqualification of juror could have been ascer-*

*tained by due diligence verdict will not be disturbed:* 54 S. C., 152; 55 S. C., 95; 55 S. E., 122.

December 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The underlying facts and the pleadings in this case are sufficiently stated in the opinion of the Chief Justice upon the former appeal. 116 S. C., 388; 108 S. E., 153.

A question was raised upon this appeal which did not arise and was not considered upon the former appeal. It is therefore not concluded thereby. It is that the alleged contract between the parties, the breach of which is made the basis of the defendant's counterclaim, is against public policy, and cannot be made the basis of a claim for damages.

The situation was this: The plaintiff owned a very large body of land in Hampton County, a portion of which he had rented to the defendant, Allen. The remainder of it was rented to other white tenants, who had in turn sublet it to colored tenants. There were some twenty or twenty-five of these tenants, including the members of their families capable of doing farm work, who had rented land south of a locality designated in the testimony as "the Gaul," and were living there. The defendant in his counterclaim sets forth an alleged contract as a part of his renting contract, with the plaintiff, by which it was agreed that the labor south of "the Gaul" should not be employed by the plaintiff at all, but should be left alone for the use of the defendant, to be employed by him in gathering his crop and at times when their own crops did not demand their work; that the plaintiff violated this contract by employing said labor at times when it was greatly needed by the defendant, in consequence of which he suffered damage.

This labor was not under any kind of contract with the defendant. They were tenants of the plaintiff and masters of their own time when their own crops did not demand

their. attention; this labor was not a matter of barter between the plaintiff and the defendant, and such a contract as is alleged was an unlawful restraint upon their individual freedom of contract, a combination between the plaintiff and defendant which manifestly is against public policy, as it forced the labor to be employed by defendant at his own price. See, as bearing somewhat remotely upon the particular point, but generally upon the subject, *Shaw v. Fisher,* 113 S. C., 287; 102 S. E., 325.

The judgment of this Court is that the judgment below be reversed, and that the case be remanded to the Circuit Court for a new trial.

Messrs. Justices Fraser and Marion concur.

Mr. Justice Gary dissents.